**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION**

| | | |
|---|---|---|
| EUGENE KOPECKI<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF LACKAWANNA, LACKAWANNA COUNTY BOARD OF ELECTIONS, LACKAWANNA COUNTY DEPARTMENT OF ELECTIONS AND VOTER REGISTRATION, and ELIZABETH HOPKINS, individually and in her Official capacity as DIRECTOR, DEPARTMENT OF ELECTIONS AND VOTER REGISTRATION<br><br>Defendants | : | No.<br>3:25-cv-02513-JFS |

**CONSENT DECREE AND ORDER**

## I. Background

1. This Consent Decree resolves a civil action brought by Plaintiff, Eugene Kopecki ("Kopecki"), against Defendants, County of Lackawanna, Lackawanna County Board of Elections, Lackawanna County Department of Elections and Voter Registration, and Elizabeth Hopkins, individually and in her official capacity as Director, Department of Elections and Voter Registration. Plaintiff and Defendants are referred to collectively as the "Parties."

2. Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights under the United States Constitution and that Defendant Hopkins violated 42 U.S.C.

§1983 by disenfranchising him in the 2025 Primary Election administered by Defendants.

3. Kopecki is a qualified and registered voter of Lackawanna County who attempted to vote in Lackawanna County in the 2025 Primary Election for Republican candidates, but through no fault of his own, received the wrong ballot from Defendants and never received a replacement ballot.

4. During 2025, Lackawanna County, along with all counties in Pennsylvania, conducted a primary municipal election wherein voters chose candidates for local and statewide judgeships; municipal offices such as mayor, district attorney, and school board; and candidates for district election boards in each of Lackawanna's County's 160 election districts.

5. Pennsylvania law affords voters the right to vote in all elections in person on election day and by mail prior to election day. 25 P.S. §§3050, 3146.1, 3146.5, 3150.11. No excuse is necessary to vote by mail. However, no-excuse mail-in ballots are labeled "Mail in" and excuse-based absentee ballots are labeled "Absentee." All mail-in ballots must be received by the County Board of Elections by 8:00 pm on Election Day to be lawfully counted. 25 P.S. §3146.6.

6. Pennsylvania's primary election for the 2025 Municipal Election was held on May 20, 2025.

7. The deadline to apply for an absentee or mail-in ballot for the 2025 Municipal Primary Election was May 13, 2025.

8. The 2025 Primary Municipal Election involved choosing candidates for district election official positions for the voter's party of registration, so each voting precinct

required two separate and distinct ballots, one for Republican voters and one for Democrat voters.

9. Defendants thus produced four separate ballots for each voting district in the 2025 Municipal Primary Election: a separate mail-in ballot each for Republicans and Democrats and a separate absentee ballot each for Republicans and Democrats.

10. During the 2025 Municipal Primary Election, Lackawanna County election officials admitted to mailing incorrect absentee and mail-in ballots to 545 Republican voters who resided in the City of Scranton.

11. Defendants stated publicly that they planned to mail correct replacement ballots to voters by April 30, 2025, with a letter "explaining the error and what they needed to do." Defendants subsequently mailed replacement ballots to voters.

12. Plaintiff was a voter who received an incorrect absentee ballot. He relied upon Defendants' public statements that he would receive a corrected ballot in the mail. He telephoned the Lackawanna County Board of Elections and was advised that he would receive a replacement ballot. He waited for a new ballot but a correct ballot never arrived, and Plaintiff was unavailable to vote in person.

13. In an effort to vindicate his constitutional right to vote and improve election administration in Lackawanna County, Plaintiff commenced this lawsuit.

14. The Parties now agree that it is in the Parties' best interests, and Plaintiff believes that it is in the best interest of his desire to promote election integrity, to resolve this lawsuit on mutually agreeable terms that will require certain continued undertakings by the Defendants to improve election administration going forward to prevent future disenfranchisement of Plaintiff and other citizens. The Parties agree to the entry of

this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Plaintiff's Complaint.

**NOW THEREFORE**, the parties hereby agree and the Court APPROVES, ENTERS AND ORDERS the following:

## II. Jurisdiction and Venue

15. The Court has subject-matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §1983.
16. Venue is proper under 28 U.S.C. §1391(b) because the actions giving rise to this action occurred in the Middle District of Pennsylvania.
17. Plaintiff alleged that all Defendants are persons who acted under color of state law to deprive Plaintiff of his constitutional rights. 42 U.S.C. §1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Ex parte Young*, 209 U.S. 123 (1908); *Smith v. Wade*, 461 U.S. 30 (1983).

## III. Injunctive Relief: Policies and Procedures

18. To ensure operational consistency, compliance with state and federal law, and quality control, within 180 days, Defendants shall draft and adopt a written manual setting forth a comprehensive set of election-related policies and procedures ("Election Manual") to guide all aspects of Defendants' administration of elections. It shall include checklists for election officials to complete each necessary task. The Election Manual shall be made available to all county election workers and used in orientation

and training. The Election Manual shall include, but not be limited to, the following subjects:

a. Instructions for drafting, designing, proofreading, printing, and quality control of mail-in and absentee ballots for primary and general elections, including a check-and-balance process requiring sign-off by two election officers to ensure accuracy of ballots.

b. Procedures to guide mail-in and absentee voting in primary and general elections with specific guidance for each type of race, i.e. federal, Commonwealth-wide, municipal, and voting precinct level.

19. The Defendants shall, within 180 days, develop a comprehensive training program for their full, part-time, and temporary election workers ("election workers") and shall provide, on an ongoing basis, consistent training to all election workers, teaching the proper administration of mail-in and absentee ballots. The training options may include attendance at seminars offered and conducted by the Pennsylvania Department of State, training offered at Commonwealth-wide or national conferences for election officials and workers, and training conducted by Lackawanna County for election workers by the Director of Elections or his or her designee. Training will be scheduled around the needs of the election calendar. The Defendants shall ensure that the training provided to its election workers is designed so that all those responsible for the administration of mail-in and absentee voting remain current on all policies and procedures, quality control measures, and state and federal election law as it applies to mail-in and absentee voting.

20. As part of Lackawanna County's existing orientation program for new election workers, no later than 180 days from the date of the within Consent Decree, the County shall require newly hired employees within the Bureau of Elections to attend a specialized training and orientation program that shall include, without limitation, training on state and federal election laws, the policies and procedures manual for the Bureau of Elections, and standard operating procedures for the administration of mail-in and absentee voting. These trainings may be tailored to the election workers' full-time, part-time, and/or temporary status.

21. Within 30 days of the date of this Consent Decree, to ensure compliance and transparency, an executed copy of this Settlement Agreement shall be publicly and conspicuously posted on the Lackawanna County webpage dedicated to elections information: https://www.lackawannacounty.org/government/departments/elections/index.php.

22. Defendants shall maintain copies of all records documenting their compliance with the undertakings set forth above.

## IV. Enforcement

23. During the term of this Consent Decree, this Court will retain jurisdiction over this action to enforce the terms of the Decree, including resolving any disputes, issuing any orders necessary to implement the relief provided for in this Decree, or extending the term of the Decree if the Defendants fail to comply with the provisions herein.

24. The Plaintiff or his representatives may review the Defendants' compliance with this Consent Decree at any time, upon reasonable notice.

25. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree and Order prior to bringing such matters to the Court for resolution. If the Parties are unable to resolve a difference informally, then the Plaintiff may seek this Court's enforcement.

26. Failure by the Plaintiff to enforce any provision of this Consent Decree and Order will not be construed as a waiver of the Plaintiff's right to enforce any other provision of this Decree.

27. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree will nonetheless remain in full force and effect.

28. The Consent Decree and Order is binding upon Plaintiff and Defendants and their respective successors, transferees, heirs, assigns and representatives.

29. A signatory to this document in a representative capacity for the Defendants represents that he or she is authorized to bind Defendants to this Consent Decree.

30. This Consent Decree and Order constitutes the entire agreement between Plaintiff and Defendants on the issues and matters raised herein and no other promise, statement, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Consent Decree, is enforceable.

31. This Consent Decree is not intended to remedy any other potential Constitutional violations or any other law by the Defendants that is not specifically addressed in this Consent Decree and Order.

32. The effective date of this Consent Decree and Order, is the date the Court enters the Decree.

33. The Consent Decree and Order and its required undertakings shall automatically dissolve after three (3) years from its effective date, unless extended by the Court.

**V. Costs**

34. Each party shall pay their own costs and fees connected to the within litigation.

**VI. Parties**

35. All parties agree that Defendant Elizabeth Hopkins, in her individual capacity, shall be dismissed as a Defendant from the within lawsuit.

So ORDERED, this _______day of _______________, 2026.

______________________________

District Judge, MDPA

SIGNATURE BLOCKS ON FOLLOWING PAGE

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

**Consented and Agreed to by:**

**Plaintiff:**
Eugene Kopecki

X Eugene Kopecki
By: Eugene Kopecki

Date: 7.28.2026

**Defendants:**
County of Lackawanna; Lackawanna County Board of Elections; Lackawanna County Department of Elections and Voter Registration

By: Bill Gaughan, Commissioner

Date: 7-15-26

By: Thom Welby, Commissioner

Date: 15 JUL 26

By: Chris Chermak, Commissioner

Date: 7-15-26

Traci K. Harte
By: Deputy Chief of Staff

Date: 7/15/2026

By: Anthony E. Lomma Asst Esquire, County Solicitor

Date: 7/15/2026